# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIA SANTIAGO, )
As Administratrix of the )
Estate of Alberto Quinones, )
                                                              )
                Plaintiff, )         Case No. 1:12-cv-74-SJM-SPB
                                                              )
      v. )
                                                                )
THE HOUSING AUTHORITY )
OF THE CITY OF ERIE, )
                                                                )
                Defendant. )

## **MEMORANDUM ORDER**

     This civil rights action arises out of an incident in which the decedent, Alberto Quinones, incurred fatal injuries after falling down the stairs of his residence at 1704 German Street in Erie, Pennsylvania, a property owned by the Defendant, the Housing Authority of the City of Erie ("HACE"). Plaintiff Maria Santiago, as Administratrix of Mr. Quinones' estate, filed a complaint against HACE on March 13, 2012, asserting five causes of action. Counts 1, 2, and 3 assert claims under the Fair Housing Act, the Rehabilitation Act, and the Americans with Disabilities Act, respectively. Count 4 asserts a §1983[1] substantive due process claim under a state-created-danger theory. Count 5 asserts a claim premised upon HACE's alleged deliberate indifference.

     The matter was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. On May 11, 2012, HACE filed a motion to dismiss Counts 4 and 5 of the complaint. The

---

[1] See 42 U.S.C. §1983.

Magistrate Judge's Report and Recommendation [14], filed on September 7, 2012, recommends that HACE's motion be granted as to Count 4 and denied as to Count 5.

On September 14, 2012, HACE filed objections to the R&R [15]. This Court held a status conference concerning the Defendants' objections on February 1, 2013. After *de novo* review of the complaint and documents in the case, together with the Report and Recommendation and Defendant's objections thereto, this Court concludes that it is appropriate to dismiss Counts 4 and 5 of the complaint.

As to Count 4, the Magistrate Judge opined that Plaintiff cannot establish a viable state-created danger claim inasmuch as Plaintiff cannot demonstrate an affirmative act on the part of any public official which rendered the decedent more vulnerable to danger that he would have been in the absence of the official's affirmative act. *See Bright v. Westmoreland County,* 443 F.3d 276, 281 (3d Cir. 2006) (in order to prevail on a state-created danger claim, the plaintiff must establish, among other things, that "a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all."). Notably, Plaintiff has not filed any objections to this particular recommendation. Because I agree with the Magistrate Judge's treatment of Plaintiff's state-created danger claim, I will adopt the R&R insofar as it relates to Count 4 of the Complaint.

On the other hand, the Magistrate Judge recommends that HACE's motion be denied insofar as it pertains to Count 5. In considering HACE's motion to dismiss the "deliberate indifference" claim, the Magistrate Judge concluded that HACE had mistakenly treated that claim as an extension of Plaintiff's state-created danger claim. This, the Magistrate Judge felt, was "misguided, as deliberate indifference, by its very nature, does not require an affirmative act." (Report and Recommendation [14] at p. 10.) The Magistrate Judge recommends that we allow Count 5 to proceed because, in her view, the Plaintiff has pled facts which could establish that "an official with authority

to address the alleged discrimination ha[d] 'both knowledge that a harm to a federally protected right is substantially likely and … fail[ed] to act upon that likelihood." (R&R at p. 10 (*quoting Chambers v. School District of Philadelphia Bd. of Educ.*, 827 F. Supp. 2d 409, 425 (E.D. Pa. 2011)).

      This Court takes a different view relative to Count 5 and, therefore, I decline to adopt the R&R insofar as it concerns that claim. At the status conference, Plaintiff's counsel clarified that Plaintiff's fifth cause of action is intended to state a municipal liability claim against HACE based on the substantive due process violation(s) allegedly committed by HACE's officers. However, in order to establish a viable municipal liability claim under §1983, there must first be a predicate violation of a federal right. *See Bittner v. Snyder County, Pennsylvania,* 345 Fed. Appx. 790, 793 (3d Cir. 2009) ("A necessary predicate for a §1983 municipal liability claim is a constitutional violation."). Although the putative predicate tort is an alleged substantive due process violation, the Complaint fails to state any viable due process claim. Accordingly, the claim for municipal liability in Count 5 must fail as well.

      In support of her fifth cause of action, Plaintiff refers the Court to *Kelly v. Borough of Carlisle,* 622 F.3d 248 (3d Cir. 2010), wherein the court stated that:

> [A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with "*deliberate indifference*" as to its known or obvious consequences.

622 F.3d at 264 (alteration and emphasis in the original) (*quoting Board of County Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 407 (1997)). While I acknowledge this authority, I find that it does not advance the Plaintiff's fifth cause of action inasmuch as the cited rule of law assumes an underlying violation of the

Plaintiff's federal rights.[2] Because Plaintiff has characterized Count 5 as a municipal liability claim premised upon a violation of her substantive due process rights, and because no viable substantive due process violation has been pled, Count 5 cannot survive.[3]

Accordingly, the following Order is entered:

AND NOW, this 5th Day of February, 2013;

IT IS ORDERED that the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) shall be, and hereby is, GRANTED.

Accordingly, IT IS FURTHER ORDERED that Counts 4 and 5 of the Complaint shall be, and hereby are, DISMISSED with prejudice.

The Report and Recommendation of Magistrate Judge Baxter, filed on September 7, 2012 [14], is adopted as the opinion of this Court to the extent set forth herein.

                                                              s/   Sean J. McLaughlin

                                                                  SEAN J. McLAUGHLIN
                                                                  United States District Judge

cm:    All counsels of record

       U.S. Magistrate Judge Susan Paradise Baxter

---

[2] In *Kelly*, the Court of Appeals found sufficient evidence in the record to support a possible violation of the plaintiff's Fourth Amendment rights, but it ultimately granted summary judgment for the defense relative to the plaintiff's municipal liability claim because the court found insufficient evidence to support a finding of deliberate indifference on the part of the Borough. *See* 622 F.3d at 264.

[3] In addition, it does not appear that a curative amendment is possible relative to Counts 4 and 5, in light of Plaintiff's professed theory of liability. *See Connelly v. Steel Valley School Dist.*, --- F.3d ---, 2013 WL 264346 at *6 (3d Cir. Jan. 24, 2013).